IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN DOE, *on behalf of himself*
*and all others similarly situated*,

    *Plaintiff*,

v.                        Civil No. RDB-23-2811

THREE LOWER COUNTIES
COMMUNITY SERVICES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On August 22, 2023, Plaintiff John Doe initiated this putative class-action suit, filing a six-count Complaint against Defendant Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care ("CHC"), in the Circuit Court for Wicomico County, Maryland. (ECF No. 6.) The Complaint stemmed from CHC's alleged "improper practice of disclosing the confidential [information] of Plaintiff and the proposed Class Members to third parties, including Meta Platforms, Inc., . . . Google, LLC, . . . [and others] via website tracking technologies." (*Id.* at 2.) Specifically, Doe alleges Negligence (Count I); Negligence Per Se (Count II); Invasion of Privacy (Count III); Breach of Fiduciary Duty (Count IV); Violation of the Maryland Wiretapping and Electronic Surveillance Act, MD. CODE ANN., CTS. & JUD. PROC. § 10-401, *et seq.* ("MWESA") (Count V); and Violation of the Maryland Confidentiality of Medical Records Act, MD. CODE ANN., HEALTH-GEN. § 4-301, *et seq.* ("MCMRA") (Count VI). (ECF No. 6 at 38–49.) On October 18, 2023, CHC removed the action to this Court

pursuant to 28 U.S.C. §§ 1442(a)(1), contending that it was acting under federal officer authority in furtherance of a federal objective. (ECF No. 16 at 3.)

Pending before this Court are CHC's Motion to Substitute Party (ECF No. 14) and Doe's Motion to Remand (ECF No. 20). CHC seeks to substitute the United States as the proper defendant pursuant to 42 U.S.C. § 233. (ECF No. 14.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).

On April 15, 2024, the United States filed notice with this Court, having determined pursuant to 42 U.S.C. § 233(a) and in light of the Fourth Circuit's decision in *Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024), that the present action is not one "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions." (ECF No. 23-1.) As such, the United States Attorney for the District of Maryland determined that it would neither intervene nor substitute itself as a party on Defendant's behalf. (ECF No. 23.)

In an off-record telephone conference on July 18, 2024, both counsel for the Plaintiff and Defendant agreed that no alternative basis exists for granting Defendant's Motion to Substitute the United States on Defendant's behalf. The parties thus agreed that Defendant's Motion to Substitute Party (ECF No. 14) should be DENIED and that Plaintiff's Motion to Remand (ECF No. 20) should be GRANTED.

## CONCLUSION

For the reasons stated above, it is therefore **ORDERED** this 18th day of July, 2024, that Defendant Chesapeake Health Care's Motion to Substitute (ECF No. 14) is **DENIED**, that Plaintiff John Doe's Motion to Remand (ECF No. 20) is **GRANTED**, that this case is

**REMANDED** to the Circuit Court for Wicomico County, Maryland, Case No. C-22-CV-23-00272, for lack of subject-matter jurisdiction, and that the Clerk of this Court shall **CLOSE** this case.

    **IT IS SO ORDERED.**

                                               /s/
                                        Richard D. Bennett
                                        United States Senior District Judge